NEBRASKA MUTUAL HAIL INSURANCE COMPANY V. JOHN HENRY MEYERS.

FILED DECEMBER 3, 1902. No. 12,387.

Commissioner's opinion, Department No. 3.

Action: ISSUANCE OF SUMMONS TO ANOTHER COUNTY: SINGLE DEFEND-ANT. When an action is rightly brought in any court, in any county in this state, a summons therein may be issued to, and served in, any other county, although there be but a single defendant to the suit.

---

48

ERROR from the district court for Dawson county. Action upon a certificate of membership and policy of insurance. Tried below before SULLIVAN, J. Judgment for plaintiff. Defendant brings error. *Affirmed.*

*Benjamin F. Johnson,* for plaintiff in error.

*John H. Linderman,* contra.

AMES, C.

The plaintiff in error is a domestic insurance company, having its principal place of business at the city of Lincoln in this state. An action was begun against it in the county court of Dawson county upon a cause of action alleged to have accrued in that county. The company was sole defendant. No summons was ever issued to the sheriff or a constable of that county, and the only process issued was a summons to the sheriff of Lancaster county, which was not otherwise served than upon the company at Lincoln. Upon this service the county court rendered a judgment for the plaintiff, which the district court upon a petition in error affirmed, and this latter judgment it is now sought to have reversed by proceedings in error in this court. The only question litigated is whether the county court acquired jurisdiction of the person of the plaintiff in error.

The first three sections of title 4 of the Code of Civil Procedure provide in what counties actions shall be brought which affect real property and which are, therefore, not transitory in their nature. Section 55 is as follows:

"Sec. 55. An action other than one of those mentioned in the first three sections of this title, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business; but if such corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof arose."

The three following sections have reference to particular classes of corporations, and sections 59 and 60 are in the following language:

"Sec. 59.  An action other than one of those mentioned in the first three sections of this title, against a non-resident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose.

"Sec. 60.  Every other action must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned."

Upon the construction of these three sections will the answer to be given to the question presented by this record depend.  The object of all these sections, as well as of the remainder of the title, is to fix the venue of the various kinds of actions treated of.  They have nothing to do with process, except as, incidentally, the place in which it may be served may determine, in certain cases, the county in which the action may be brought.  In other words, in certain cases the place of service may determine the venue, but an intent is nowhere indicated that the place of the venue shall enlarge or restrict, or in any manner affect the place of service.  The first clause of section 55 fixes the venue of all actions against domestic corporations, not affecting real property, in the county in which the defendant is situated or has its principal place of business.  To this rule, which, with the exception noted, is general and imperative, the second clause makes another exception, viz., that if the defendant be an insurance company the venue may be in any county in which the cause of action or some part thereof arose.  So, by section 59, if the defendant be a non-resident or a foreign corporation upon whom service of process can not be had, the venue is fixed in the county in which such defendant has property or has debts owing to it; but an exception is made as

to foreign insurance companies, in language identical with that of the second clause of section 55. Now, we think that the sole object of these two sections is to take the kinds of actions of which they treat out of the transitory class and provide for them fixed venues, which in the case of a domestic insurance company may be either the county of its principal place of business or that in which the cause of action or some part of it arose, and in the case of a foreign insurance company may be either a county in which it has property or debts owing to it, or in which the cause of action or some part of it arose, or in which the defendant may be found, that is served with process. But neither section enacts or was intended to enact, anything concerning process. Section 55 does not contain even an allusion to the summons. Section 60 alone, among all the provisions of this title, treats of transitory actions, and permits the venue in such cases to be laid in any county in which the defendant, or one of several defendants, resides or may be summoned.

Section 65, in chapter 1 of title 5 of the Code, entitled "Manner of Commencing Civil Actions," reads as follows: "Where the action is rightly brought in any county, according to the provisions of title four, a summons shall be issued to any other county, against any one or more of the defendants, at the plaintiff's request." We think an erroneous impression as to the force of this section has prevailed, to some extent, among members of the bar. It is not confined in its operation, as some have seemed to suppose, to transitory actions, in which at least one of the defendants has been properly served with process in the county in which the action is brought, but, as its language expresses, applies to all actions, local as well as transitory, which are "rightly brought in any county." If, for instance, the action affects the title or right of possession of real property, it is rightly brought in the county in which the land is situated, and the summons may be issued to, and served in, any other county, although there be but a single defendant. And so, when an action is

rightly brought against a domestic insurance company in the county in which the cause of action or some part of it arose, the summons may, if necessary, issue, at the request of the plaintiff, to another county in which the defendant has its principal place of business and may be served. Sections 73 and 74 of chapter 2 of title 5 prescribe upon what officers the summons must be served, but the fact that none of such officers can be found in the county in which the action is rightly brought does not deprive the courts of that county of jurisdiction.

It is objected, however, that section 2 of chapter 20 of the Compiled Statutes* expressly confines the jurisdiction of county judges to the territorial limits of their respective counties, and that summons issued by them can, therefore, have no extraterritorial force. But the same limitation of the jurisdiction of justices of the peace is more explicitly expressed by section 904 of the Code, and this court held in *Miller v. Meeker*, 54 Neb., 452, that, notwithstanding this statute, a summons in a transitory action rightfully brought before a justice of the peace in one county may be issued to, and served in, another county. We are entirely satisfied with the reasoning and conclusion of that opinion, which is, no doubt, equally applicable to county courts in transitory actions in which the amount involved exceeds a justice's jurisdiction. But the premise upon which this decision depends, is that the action is rightfully brought in the local court, and so it must apply to any other action rightfully brought in such a court. In the case at bar, for example, there can be no doubt that the county court had ample jurisdiction of the subject-matter by the terms of section 55 of the Code, and section 65 provides the means by which it acquired jurisdiction of the person. We are aware that there are some apparently inadvertent expressions in some of the opinions of this court which countenance a different conclusion, but to the extent that they do so we think they ought to be regarded as overruled.

* Cobbey's Annotated Statutes, sec. 4786.

In consideration of the foregoing, it is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

NOTE.—*Transitory Actions.*—*Torts Committed Abroad.* Actions for injuries to the person are transitory and follow the person; and, therefore, so far as the nature of the action is concerned, one foreigner may sue another foreigner in our courts, for a tort committed, the same as on a contract made in another country. Suit for assault and battery committed aboard the British ship Dominica on the high seas. Both parties foreigners. *Johnson v. Dalton,* 1 Cowan [N. Y., 1823], 543. Action for slanderous words laid to have been spoken in Greece, in the county of Monroe. Plaintiff allowed to prove, in aggravation, that like words were spoken in Darlington, Upper Canada. *Lister v. Wright,* 2 Hill [N. Y.], 320. Action for trespass *vi et armis* committed in Vermont, will lie in the state of New York. *Glen v. Hodges,* 9 Johnson [N. Y.], *67. Suit for assault and battery laid as committed in the state of New York. Proof showed it was committed in the state of Pennsylvania. Defendant moved for nonsuit. Motion denied. Verdict and judgment for plaintiff. *Affirmed. Smith v. Bull,* 17 Wend., 323. *Molony v. Dows,* 8 Abb. Pr. [N. Y.], 316, holds a contrary doctrine; but is not regarded as good authority.

Goose Island lies in Long Island Sound, about a mile from the Connecticut shore. The defendant was the owner of said island, and built thereon a manufactory to prepare artificial manures from dead fish and other materials. The plaintiff occupied a residence at Norwalk, Conn. He filed a bill in equity before the superior court of the state for Fairfield county. The defendant removed the cause to the federal court. The plaintiff by his bill sought to enjoin an alleged nuisance, averring that the scent of the offensive materials from which the manures were made often reached the mainland, and created an odor intolerable, disagreeable and sickening. The defendant pleaded to the jurisdiction that Goose Island was not in the state of Connecticut. On the argument it was claimed that even if Goose Island was outside the limits of the district of Connecticut, yet, as the odors were wafted to the shore and there inflicted the injury, the offense was thereby within the jurisdiction. It is, perhaps, unfortunate that the court found, as a matter of history, from the Warwick patent *et cætera* that Goose Island belonged to Connecticut, thus eliminating the interesting question in the case. *Keyser v. Coe,* 9 Blatchf. [U. S. C. C.],32, Shipman, J.—W. F. B.