**MILLER et al. v. THOMPSON et al.**

No. 17004—Opinion Filed Sept. 14, 1926.

**1. Process — Summons Served on Defendants in Another County.**

When an action is rightly brought in any county in this state, a summons therein may

be issued to, and served in any other county, for any proper or necessary defendants, at the plaintiffs' request.

## 2. Appeal and Error—Review of Findings —Absence of Homestead Right.

Record examined; held, there being sufficient evidence to sustain the trial court in finding that the land involved was not impressed with the homestead right, the same will not be disturbed.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Dewey County; Frank Mathews, Assigned Judge.

Action by J. W. Thompson et al. against S. R. Miller et al. Judgment for plaintiff, and defendants appeal. Affirmed.

O. C. Wybrant, for plaintiff in error.

W. P. Hickok, for defendant in error.

Opinion by WILLIAMS, C. The parties will be referred to herein as they appeared in the trial court.

J. W. Thompson, as plaintiff, filed a suit in the district court of Dewey county, Okla., against S. R. Miller and Mary S. Miller, as defendants, to foreclose a real estate mortgage upon certain real estate in Dewey county. Summons was served upon Mary S. Miller in Garfield county, Okla., and upon S. R. Miller in Beaver county, Okla. Neither of the defendants was served with summons in this action in Dewey county, Okla. Default was made by both defendants in this action, neither defendant filing any pleading which would constitute a general appearance upon the part of either of them, and neither appearing at the trial of the cause in person or by counsel. Judgment was rendered for the plaintiff in the action, and the mortgaged property later sold and the proceeds applied to the payment of the debt due, J. W. Thompson being the purchaser at the sale. Judgment contained the following proviso:

"If the amount derived from said sale is insufficient to satisfy judgment and costs that execution issue against the defendants for the remainder unpaid."

The mortgaged property did not bring a sum sufficient to pay the whole of the debt, but left a deficiency unpaid, and later on, a writ in execution was issued out of the court, and a levy made upon other lands. i. e., lands other than the land covered by the said mortgage, owned by the plaintiff in error in Dewey county, Okla., and sold to J. W. Thompson, and motion to confirm filed. Thereupon, the defendant S. R. Miller filed

a motion to quash said execution and set aside the sale, and also filed an original action, No. 2005, to enjoin the plaintiff Thompson and the sheriff of Dewey county from executing a deed conveying the lands in controversy. The two actions were consolidated on the trial, to the court, which at the conclusion of the hearing, rendered judgment, in substance, as follows:

"That the motion to quash the alias execution be overruled; that the prayer of the plaintiff S. R. Miller in cause No. 2005 is denied; that the motion of plaintiff J. W. Thompson to confirm the sale had in the foreclosure proceedings is sustained. The court further found upon an examination of the proceedings had under the alias execution, that the proceedings were regular and sufficient. It was the further order, judgment, and decree of the court that the sheriff make, execute, and deliver to the purchaser, J. W. Thompson, a good and sufficient conveyance therein conveying to him the land in controversy. It was further ordered, adjudged, and decreed by the court that the defendants S. R. Miller and Mary S. Miller are by virtue of said proceedings divested of all right, title, and interest in and to the lands in controversy."

To all of which orders, rulings, judgments, and decrees of the court, the defendant S. R. Miller excepted. Motion for new trial was filed and overruled, and the case is here on appeal for review.

The plaintiff in error bases his contention for a reversal upon two propositions: First, that the service of summons in a county other than the one where the foreclosure action was brought was not sufficient to give the court personal jurisdiction of the defendant and authorize a personal judgment; second, that the land levied upon under the alias execution to satisfy a deficiency judgment was the homestead of the plaintiff in error, and therefore not subject to levy and sale under execution.

The record shows that S. R. Miller was served personally in Beaver county, Okla., and that Mary S. Miller was served personally in Garfield county. The trial court held that this service was sufficient and proper, and gave the court not only jurisdiction to render a judgment in rem, but also to render a personal judgment against each of the defendants. We think this finding of the court was correct.

Section 199 of art. 4, C. O. S. 1921, is as follows:

"Action Brought Where Subject Located. Action for the following causes must be brought in the county in which the subject

ur the action is situated, except as provided in the next section: * * *

"Third. For the sale of real property under a mortgage, lien, or other incumbrance or charge."

Section 207 of said article provides:

· "Venue When Creditor Has Assigned Right —Other Actions. Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned. * * *"

The above sections of the statute merely defined venue, and prescribed a place where actions shall be brought.

Chapter 3, art. 6, C. O. S. 1921, prescribes the manner of issuing service and return of service as follows:

"Section 234. Summons May Issue to Other County. Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

This being a foreclosure action of a mortgage covered by real estate, the action was rightly brought in Dewey county, Okla., and being lodged in the proper forum under the provisions of section 234, supra, the plaintiff was entitled to have summons issue to any county in the state for any proper or necessary defendants in the action.

So far as we are able to ascertain this exact question has never been before this court for consideration, but the question involved herein was presented and determined in the case of Nebraska Mutual Hail Ins. Co. v. Meyers, 66 Neb. 657, 92 N. W. 572, the syllabus being as follows:

"When an action is rightly brought in any court in any county in this state, a summons therein may be issued to, and served in, any other county, although there be but a single defendant to the suit."

This case involved the construction of a statute identical with section 234, supra, authorizing summons to issue to other counties in actions rightly brought in any county, and the court held that the provisions of this statute are not confined to transitory actions, but apply to all actions, local as well as transitory.

Section 670, C. O. S. 1921, provides:

"Judgment in Foreclosure Suit. In action to enforce a mortgage deed of trust, or other lien or charge, a personal judgment or judgments shall be rendered for the amount or amounts due as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, and for sale of

the property charged and the application of the proceeds. * * *"

The foregoing section not only authorizes the trial court to render a judgment in rem, but also a personal judgment; in fact, makes it mandatory upon the court to render both such judgments. The foreclosure of a mortgage, under the foregoing section, authorizes both a personal judgment and a judgment in rem, personal on the note and rem against the property, and clearly authorized the judgment in the instant case.

On the second proposition, the court, after hearing the testimony, found that the land levied upon was not impressed by any homestead rights. There being ample evidence to sustain the finding of the trial court the same will not be disturbed.

For the reasons stated, the judgment of the trial court is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 455. (2) 29 C. J. p. 821, § 89.