Argued December 5; affirmed December 18, 1934

# MILLER *v*. SERVICE AND SALES, Inc., et al.

(38 P. (2d) 995)

*E. L. McDougal,* of Portland, for appellant Service and Sales, Inc.

Allan G. Carson, of Salem (Carson & Carson, of Salem, on the brief), for appellant E. A. Erskine.

*W. C. Winslow,* of Salem, for respondent.

BELT, J.   This is an action to recover damages for personal injuries resulting from a collision between an automobile driven by plaintiff and an automobile owned by the defendant Service and Sales, Inc., and operated by the defendant Erskine.   Verdict and judgment were had against both defendants.

■ The defendant company strongly urges that it was entitled to a directed verdict.   It is admitted that the

company, which was engaged in the automobile business in the city of Portland, was the owner of the car driven by Erskine. It follows from such admission of ownership that plaintiff established a prima facie case of agency and that, at the time of the accident, Erskine was using the car in furtherance of the defendant company's business. Counsel for appellants recognize this well-established rule of law, but assert that such inference of agency was not warranted after it had been shown by uncontradicted testimony that the automobile had been loaned to Erskine and that, at the time in question, it was being used for his own exclusive pleasure and benefit. Hence the question is presented as to whether such a prima facie case of agency can be said to have been overcome as a matter of law or whether, in the light of all the evidence, it still remained an issue of fact for the jury to determine.

If the only reasonable deduction to be drawn from the evidence is that the sales company loaned this seven-passenger, Twin Six Packard car to Erskine and that he was using the same for his own benefit, it would follow that the motion for a directed verdict ought to have been allowed. If, however, different reasonable inferences could be drawn from the evidence relative to the question of agency, then it would clearly be a matter for the determination of the jury.

The uncontradicted testimony is as follows: Erskine, the owner of a 1924 Packard car, who had been a private chauffeur for about twenty years, desired to borrow a small car from the defendant company to take his family to the coast as his old car was in the repair shop. The sales company did not have such car, but agreed Saturday afternoon to let him have a new Packard car "off the floor" with dealer's license plates on it, to be used to take his family to the beach, with the understanding

that it was to be returned Monday morning. Erskine had never been in the employ of the company but had transacted some business with it—the extent of which is not shown—and was looked upon as a Packard "booster". There is no contention by the company that Erskine was a prospective purchaser or that the car was turned over to him for any purpose other than as above stated.

Erskine drove the car to the coast and returned to Portland about 6 o'clock in the evening. He says that he had a telephone message from Mr. McKee, president of the Pacific Power and Light Company, to come to Eugene after him as his car had broken down. Erskine thereupon, without the knowledge or consent of the sales company, started Sunday evening from Portland to Eugene with the Packard and, while en route, had a collision with the automobile driven by the plaintiff. Was the jury bound to accept this uncontradicted evidence as the truth or could it, notwithstanding such evidence, draw the reasonable inference that Erskine, in making this trip, was acting for and on behalf of the defendant company?

In addition to the inference of agency arising from ownership of the Packard automobile, the plaintiff also relies upon the inference to be drawn from the fact that the car driven by Erskine carried the dealer's license plates of the defendant sales company.

■ ■ The registration certificate issued to the defendant company under and by virtue of chapter 428, Laws of Oregon, 1933, authorized "the use and operation over and along the highways of the State of Oregon of all motor vehicles actually owned or controlled by such dealer and in actual use by him and the members of his firm and/or any salesman thereof who devotes all of his time to the sale of motor vehicles * * *". It is

presumed that the defendant company, in the use and operation of its automobiles on the highways of this state, would obey the law. Hence, it could reasonably be inferred that this car carrying the dealer's license plates was being driven by Erskine on the dealer's business; *Haring v. Connell,* 244 Pa. 439 (90 Atl. 910); *Reed v. Bennett,* 276 Pa. 107 (119 Atl. 827); *Theil v. Wolfe,* 77 Pa. Sup. Ct. 312; *Buchholz v. Breitbach,* 193 Wis. 224 (213 N. W. 329); Blashfield Cyc. Automobile Law, Vol. 2, page 1657; Huddy Cyc. Automobile Law, Vol. 1-2, section 180. As stated by Justice Cardozo in *Ferris v. Sterling,* 214 N. Y. 249 (108 N. E. 406, Ann. Cas. 1916D, 1161);

"* * * The license number of the car, coupled with evidence that the defendant held the license, was prima facie proof that the defendant was the owner. It was more than that; it was prima facie proof that the custodian of the car was then engaged in the owner's service."

In the light of this prima facie case of agency, based upon inferences arising from ownership and the dealer's license plates, can it be said, as a matter of law, that the evidence offered by defendants has rebutted such inferences—or, as some courts say, presumptions —of agency? Is the evidence relative to the alleged loaning of the car so certain, clear, and conclusive that every reasonable-minded person would believe it? If the evidence is of such character, there would be no issue of fact to submit and a directed verdict in favor of the defendant company should follow. However, if the evidence is not of such conclusive nature and reasonable-minded persons might draw different inferences therefrom, it is not within the province of the court to direct a verdict. No jury is bound to believe evidence, even though uncontradicted, if it is clouded with uncertainty

and improbability. If there are facts and circumstances negativing the idea that this car was loaned to Erskine, the finding of the jury on the question of agency is conclusive.

The courts are quite divergent in opinion as to the degree and character of proof necessary to overcome a prima facie case of agency based solely on the inference arising from the fact of ownership of an automobile. In Washington, the court in at least two cases, *Steiner v. Royal Blue Cab Co.*, 172 Wash. 396 (20 P. (2d) 39), and *McMullen v. Warren Motor Co.*, 174 Wash. 454 (25 P. (2d) 99), seems to require the testimony of disinterested witnesses to overcome, as a matter of law, such a prima facie case. The Supreme Court of Pensylvania, in *Talarico v. Baker Office Furniture Co.*, 298 Pa. 211 (149 Atl. 883), quoting from *Hartig v. American Ice Co.*, 290 Pa. 21 (137 Atl. 867), holds that a plaintiff by virtue of the presumption or inference above mentioned is entitled to have his case submitted to a jury: " (a) unless plaintiff himself shows in the presentation of his case that, as a matter of fact, the car did not belong to defendant or was not being used in his business, or (b) unless, in the testimony produced, defendant is able to point to evidence of 'indisputable physical conditions' or 'facts' or to show in the evidence some indisputable basis for 'mathematical tests', which demonstratively overcome the presumptions in plaintiff's favor, * * * [or] (c) where, in addition to the uncontradicted oral evidence on the side of the defendant, showing no liability, there is admittedly genuine or unattacked documentary evidence which relieves defendant from the possibility of liability".

In this jurisdiction, however, the rule is well established that when but one reasonable inference can be drawn from the facts it is proper to direct a verdict in

accordance therewith. When reasonable-minded persons can draw different inferences from the facts, it is a question for the jury: *Judson v. Bee Hive Auto Service Company*, 136 Or. 5 (294 P. 588, 297 P. 1050, 74 A. L. R. 944). Ordinarily, a jury determines whether a prima facie case based upon a presumption or inference has been overcome. It is only in extreme cases—where the facts are of a conclusive character—that courts will direct a verdict. In our opinion, it is immaterial whether the issue is determined on oral testimony or documentary proof. Neither do we think that a court should refuse to direct a verdict merely because the evidence in support of the motion therefor comes from the mouths of interested witnesses.

Let us now consider the facts in the instant case to determine whether but one reasonable inference could be drawn therefrom, viz., that Erskine had borrowed the automobile and at the time of the accident was using it for his sole benefit and pleasure. We are not prepared to say that a reasonable-minded person might not consider it improbable that the sales company would take this new 12-cylinder, seven-passenger car off the floor and lend it to Erskine—who was not a prospective purchaser and had not talked about buying a car—to take his family to the coast. Ordinarily, high-priced cars are not loaned for such trips unless there is some prospect of sale. McKee was not called as a witness to tell what he knew about it. We think the evidence was not of such conclusive character as to warrant the direction of a verdict.

Appellant company relies strongly upon *Judson v. Bee Hive Auto Service Company*, supra. It is true that, in that case, it was held, as a matter of law, that the evidence offered by defendant therein overcame the inference of agency arising from proof of ownership,

and that a directed verdict should have been granted. The facts, however, in the Judson case are wholly dissimilar to those involved in the instant one. In that case the defendant was engaged in the business of renting "Drive Yourself" cars and the uncontradicted evidence showed that the plaintiff had leased a car from the Bee Hive Auto Service Company, as shown by a contract in writing. There was no uncertainty or improbability involved in the transaction. Such cannot be said of the present one.

■ The next assignment of error is based upon the refusal of the trial court to allow a motion for mistrial. Appellants contend that counsel for plaintiff deliberately brought to the attention of the jury prejudicial matter by asking the following question of the defendant Erskine: "Do you know, Mr. Erskine, it is unlawful to drive a car on the highways of this state with a dealer's license on, for pleasure purposes?" Objection to this question was sustained and the court later denied the motion for mistrial. It is quite true that the use of the dealer's license plates on the car driven by Erskine had no causal connection with the alleged injury but, in the light of the authorities above cited, we think the question was proper as tending to negative the theory of the defense that the car was loaned to Erskine and was being used for his sole benefit. Plaintiff, rather than defendants, has cause for complaint.

■ Exception was taken to the refusal of the court to give the following requested instruction:

"The defendants cannot fairly and reasonably be charged with negligence in failing to control their automobile and avoid the accident, unless it appears that Walter L. Miller entered upon the path of their automobile at a sufficient distance from the defendants' automobile to permit its being stopped or otherwise maneuvered so as to avoid the accident. An operator of

an automobile upon the highway must operate it with care and caution as I have defined his duty in this regard, but he is also entitled to take into consideration in operating his automobile the fact that all others are required to use the highway with care and caution according to the rules of the road established by law.''

We think no error was committed. At the time of the accident Erskine was driving south on the Pacific highway. The plaintiff entered the Pacific highway from the Mt. Angel highway on the east, turning right or to the north. He then desired to turn left or toward the west onto Young street leading to the city of Woodburn. There is evidence on behalf of the plaintiff tending to show that the Packard, going at a high rate of speed, swerved from the west to the east side of the highway and struck the car which the plaintiff was driving. Under such state of the record, the requested instruction might have been misleading. If it be true that the Packard car so swerved and struck plaintiff's car, Erskine would not be relieved of the duty of exercising due care to keep his car under control. The following instruction would have been more appropriate:

''If you find from the evidence that the accident occurred on the west side of the center line of the Pacific highway in the lane of traffic being pursued by the Packard automobile, then before the driver of said car can be charged with negligence because of lack of control it must appear that respondent entered upon the path of said Packard at a sufficient distance from said Packard to permit its being stopped or otherwise maneuvered so as to avoid the accident.''

Finding no reversible error in the record, it follows that the judgment of the lower court is affirmed.

RAND, C. J., not sitting.

ROSSMAN, J., dissents.