**WESTERN STATES GROCERY CO. et al. v. GILLAN.**

No. 28153.  Oct. 25, 1938.

Dudley, Hyde, Duvall & Dudley, for plaintiffs in error.

Gomer Smith, Smith & Siler, and Nelson Rosen, for defendant in error.

RILEY, J. Plaintiffs in error, herein referred to as defendants, present two propositions which resolve themselves into one ques-

tion: Did the trial court erroneously instruct the jury on contributory negligence?

It is evident this single query embraces both when it is considered that proposition No. 2 is based upon the theory that it is error to submit an instruction, setting forth a hypothetical statement of facts entitling plaintiff to recover for injuries, that fails to mention contributory negligence when the instructions as a whole fail to correctly define and submit contributory negligence. In effect, defendants concede that if the court properly defined contributory negligence in other instructions, proposition No. 2 is disposed of by the cases of Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 P. 1111, and St. Louis-S. F. Ry. Co. v. Thompson, 139 Okla. 142, 281 P. 565.

The instructions complained of are as follows:

"8. 'Contributory negligence,' as that term is used in these instructions, means any act or omission on the part of the plaintiff which amounts to want of ordinary care on the part of the plaintiff, which, concurring with the negligent act of the defendant, is the proximate cause of the injury complained of.

"9. The mere proof of an accident or injury carries with it no presumption of negligence, but the burden of proof rests upon the party alleging negligence to establish the same by a preponderance of the evidence, and likewise it is incumbent upon such party to show that said negligence, thus established, was the proximate cause of the injury, if any, received by the party alleging the same.

"So, in this case, the mere fact that the plaintiff was injured carries with it no presumption of negligence upon the part of the defendant, but the burden of proof rests upon the plaintiff to prove, by a preponderance of the evidence, that at the time and place alleged in the petition the defendant was guilty of negligence, and that such negligence was the direct and proximate cause of the injury received by the plaintiff, and if you should so find your verdict should be for the plaintiff for such amount as you may determine under the instructions herein given.

"On the other hand, neither does the mere proof of an accident or injury carry with it any presumption of contributory negligence, but the burden of proof rests upon the party alleging contributory negligence to establish the same by a preponderance of the evidence, and therefore, in this cause, the mere proof that there was an accident and resulting injury to the plaintiff carries with it no presumption of contributory negligence on the part of the plaintiff, but the burden of proof rests upon the defendant to prove, by a preponderance of the evidence, unless the same is shown by the evidence of the plaintiff, that at said time and place the plaintiff was guilty of contributory negligence, as that term is defined in these instructions, and that such contributory negligence was the proximate cause of the accident and resulting injuries to the plaintiff, and if you so find your verdict should be for the defendant."

"13. You are instructed that should you find from a preponderance of the evidence that the defendant was guilty of the negligence alleged in the plaintiff's petition, which was the direct and proximate cause of the injuries, if any, to the plaintiff, then your verdict should be for the plaintiff. But, if, upon the other hand, you should find from a preponderance of the evidence that the plaintiff was guilty of contributory negligence, which, combining and concurring with the negligence of the defendant, proximately caused the accident resulting in the injuries complained of, then your verdict should be for the defendant, notwithstanding its negligence."

Instructions numbered 8 and 9 inaccurately state the law pertaining to contributory negligence and the burden of proof resting on the defendants, but it is incumbent on this court to consider all the instructions on contributory negligence and determine whether or not the inaccurate instruction has prejudiced the defendants.

Instruction No. 13 specifically states the conditions that must exist before the jury may find for the plaintiff and those that must exist before it might return a verdict for the defendant. That portion dealing with contributory negligence as the basis of a verdict for defendant provides that if plaintiff was guilty of contributory negligence, which, **combining and concurring with the negligence of the defendant**, proximately caused the accident resulting in the injuries complained of, then the verdict should be for the defendant, notwithstanding its negligence.

In the case of Wright, Rec., v. Clark, 177 Okla. 628, 61 P.2d 192, involving instructions on contributory negligence which in many respects are similar to those in the instant case, the court used the following language:

"When an instruction tells the jury that the plaintiff cannot recover if the jury should find that plaintiff was guilty of negligence which, 'directly and proximately caused the injuries complained of,' and omits the words, 'or proximately contributed to his injuries,' said omission does not require a reversal where by another paragraph of the same instruction the law of contributory

negligence is correctly stated, and where from the instructions as a whole the jury could not have been misled."

It should be noted that in the case last above cited the instruction required the jury to find that the negligence of the plaintiff **directly and proximately** caused the injury. This placed a greater burden on the defendant in that case than do the instructions complained of in the instant case.

As precedent for its decision in Wright v. Clark, supra, the court cited from the case of Haskell v. Kennedy, 151 Okla. 12, 1 P.2d 729, as follows:

"When an instruction tells the jury that plaintiff cannot recover if the jury should find that the plaintiff was guilty of negligence which 'brought about' his injuries, and omits the words 'or proximately contributed to his injuries,' the omission does not require a reversal where by other instructions the law of contributory negligence is fully and correctly stated and when from the instructions as a whole the jury could not have been misled."

See, also, Colorado Springs & Interurban Ry. Co. v. Allen (Colo.) 135 P. 790, wherein paragraph 3 of the syllabus is as follows:

"Error, if any, in an instruction that plaintiff could not recover if her contributory negligence was the 'proximate cause' of her injury was cured by other instructions that plaintiff could not recover if but for her contributory negligence the accident would not have occurred, though defendant was guilty of the negligence alleged."

Consideration of the record in this case, in the light of the above decisions, impels the conclusion that the error complained of is rendered harmless when the offending instructions are considered as integral parts of all the instructions. A reversal of this case for the reasons assigned would be unjustified.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, HURST, and DAVISON, JJ., concur. GIBSON, J., dissents. WELCH, J., absent.