NORTON et al. v. HARMON.

No. 29584. Nov. 24, 1942.

Rehearing Denied Jan. 26, 1943.

*133 P. 2d 206.*

Clayton B. Pierce and Truman B. Rucker, both of Oklahoma City, for plaintiffs in error.

Anglin & Stevenson and O. S. Huser, all of Holdenville, for defendant in error.

OSBORN, J. Ida B. Harmon, hereinafter referred to as plaintiff, instituted this action in the district court of Hughes county against H. Meade Norton and the Norton Motor Sales Company, a corporation, to recover damages for personal injuries. It was alleged that said injuries resulted from the negligence of Norton, and the corporate defendant was alleged to be liable upon the principle of respondeat superior. Issues were joined, the cause was tried to a jury, and a verdict was, returned in favor of plaintiff as against both defendants. From a judgment on the verdict, defendants have appealed.

Plaintiff alleged that on November 29, 1938, she was driving an automobile on U. S. Highway No. 270 in a westerly direction at a point about two and one-half miles northeast of Holdenville, Okla.; that defendant Norton was driving a Packard sedan automobile owned by defendant Norton Motor Sales Company along said highway in the same direction that plaintiff was traveling; that plaintiff was proceeding along the highway immediately behind the automobile operated by said defendant when suddenly and without warning defendant brought the Packard sedan automobile to an immediate stop and as a result the automobile of plaintiff crashed into the rear of said automobile operated by defendant, and as a result thereof plaintiff sustained numerous physical injuries, which will not be enumerated here.

As its first proposition for reversal of the cause defendants have challenged the jurisdiction of the district court of Hughes county. The record discloses that both Norton and the corporate defendant were residents of Pottawatomie county and both were served with summons in that county. By virtue of 12 O. S. 1941 § 134 (112, O. S. 1931) the district court of Hughes county had jurisdiction of the corporate defendant if a cause of action was established against said defendant, any part of which arose in that county. It appears to be well established that in order for said court to acquire jurisdiction over the joint defendants, it was necessary to establish a valid joint cause of action against the corporate defendant as well as against Norton, the individual defendant. See Fisher v. Fiske, 96 Okla. 36, 219 P. 683; Miller v. Thompson, 119 Okla. 171, 249 P. 308; Mills v. Daubenheyer, 96 Okla. 36, 222 P. 533; Wilkinson v. Whitworth, 169 Okla. 286, 36 P. 2d 932; Oklahoma State Bk. of Ada v. Reed, 121 Okla. 103, 247 P. 402. It is urged as grounds for reversal that no valid cause of action was established as against the corporate defendant, and therefore the cause must be reversed as to both defendants for lack of jurisdiction.

The record shows that defendant Norton was president of Norton Motor Sales Company, a corporation engaged in the sale of Chevrolet automobiles domiciled in Shawnee, Pottawatomie county; that defendant had made a trip to Holdenville and was returning to Shawnee at the time the collision occurred. There is a sharp conflict in the evidence as to whether or not defendant was, at that time, engaged upon a mission for the company of which he was president or whether he was engaged upon a purely personal mission. Defendant testified, and produced witnesses corroborating his testimony, that he had gone to Holdenville to see a Mr. Maddox, who operated the Maddox Chevrolet Company at Holdenville, for the purpose of negotiating for the purchase of a saddle horse owned by Mr. Maddox; that while in Holdenville he inspected the horse and bought the same from Maddox. He testified that on that date he was not engaged in the transaction of any business in behalf of the corporate defendant. On behalf

of plaintiff, evidence was introduced to the effect that at the time of the collision the automobile which was being operated by defendant Norton bore dealers' license plates. Plaintiff testified further that at the scene of the collision and immediately thereafter plaintiff had a conversation with defendant Norton in which he stated that he had been to Holdenville on business for the Norton Motor Sales Company, of which company he was president. Defendants argue that plaintiff's testimony in this respect was inadmissible, and the fact that the automobile operated by defendant bore dealers' license plates was insufficient to establish the fact that defendant was engaged upon a mission of the corporation, in the face of the positive evidence offered by defendant to the contrary.

In the case of Simmons v. Brooks, 72 F. 2d 86, it was sought to establish liability against a company engaged in the sale of automobiles where an automobile operated by a salesman of the company collided with an automobile of the plaintiff. In that case it appeared that the car operated by the salesman bore dealers' license plates and that under the applicable law it was unlawful to operate an automobile upon the highway without registering the same except where the machine was being used by the dealer or his agent for sale purpose. With reference to the weight and value of the evidence relating to the use of the dealers' license plates, the court said:

". . . The fact that the car at the time of the accident was owned by the defendants who were dealers in automobiles and used cars and bore the dealers' license tags issued to them, which they could not lawfully use except upon automobiles held by them for sale or demonstration purposes, was sufficient to raise an inference that Proctor, the driver, was acting as an employee of the company with authority to demonstrate the car for them; and this presumption obtains until overthrown by credible testimony to the contrary. Callas v. Independent Taxi Owners Ass'n, 62 App. D. C. 212, 66 F. 2d 192. But if the presumption be overcome by undisputed proof to the contrary, the question becomes one for the court, and not the jury. Curry v. Stevenson, 58 App. D. C. 162, 26 F. 2d 534. If, however, the evidence is reasonably subject to contradictory interpretations, the question of liability of the defendants is for the jury. Tischler v. Steinholz, 99 N. J. Law, 149, 152, 122 A. 880."

A similar set of facts was presented to the Supreme Court of Oregon, in the case of Miller v. Service and Sales, Inc., 149 Ore. 11, 38 P. 2d 995, 997, and therein it was said:

"The registration certificate issued to the defendant company under and by virtue of chapter 428, p. 739, Laws of Oregon 1933, authorized 'the use and operation over and along the highways of the state of Oregon of all motor vehicles actually owned or controlled by such dealer and in actual use by him and the members of his firm and/or any salesman thereof who devotes all of his time to the sale of motor vehicles . . .' It is presumed that the defendant company, in the use and operation of its automobiles on the highways of this state, would obey the law. Hence it could reasonably be inferred that this car carrying the dealer's license plates was being driven by Erskine on the dealer's business. Haring v. Connell, 244 Pa. 439, 90 A. 910; Reed v. Bennett, 276 Pa. 107, 119 A. 827; Theil v. Wolfe, 77 Pa. Super. 312; Buchholz v. Breitbach, 193 Wis. 224, 213 N. W. 329; Blashfield, Cyc. Automobile Law, vol. 2, page 1657; Huddy, Cyc. Automobile Law, vol. 1-2, sec. 180. As stated by Justice Cordoza in Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, 407, Ann. Cas. 1916D, 1161: '. . . The license number of the car, coupled with evidence that the defendant held the license, was prima facie proof that the defendant was the owner. It was more than that; it was prima facie proof that the custodian of the car was then engaged in the owner's service.' "

In the case of Frew v. Barto (Pa.) 26 A. 2d 905 (June 29, 1942), plaintiff sought recovery of damages for personal injuries received while riding in an automobile operated by employees of the defendant automobile dealer whose license plates were upon the automobile at the time of the accident. Upon cross-examination, the dealer

testified that the employees had no authority to sell or demonstrate automobiles. With reference to the liability of the dealer it was said:

"It is conceded that defendant's license plates were upon the car at the time of the accident. This alone created a rebuttable presumption that the car belonged to the owner of the tags and was driven by his servant in the scope of his employment: Morgan v. Heinel Motors, Inc., 329 Pa. 360, 197 A. 920. This, without more, would require the submission of these questions to the jury, even though rebutted by the uncontradicted oral testimony of the defendant's witness: Conley v. Mervis, 324 Pa. 577, 580, 188 A. 350, 108 A. L. R. 160. . . ."

47 O. S. 1941 § 19n provides for the issuance of dealers' license plates and provides further:

". . . that no such identification or number plate issued to any manufacturer or dealer shall be used or displayed upon any secondhand or used vehicle or upon any new vehicle which is used for a service car, for private use or for hire."

There is another presumption which we deem to be pertinent to the present situation, to which this court, however, has recognized certain exceptions unnecessary herein to delineate. It is stated in an annotation in 122 A.L.R. 228:

"Generally proof of ownership of the automobile by the defendant at the time of the accident creates a prima facie case or presumption that the operator was the servant or agent of the defendant and was engaged in his business and acting within the scope of his employment, . . ."

Other authorities supporting the rule are collected in the following annotations: 42 A.L.R. 898; 74 A.L.R. 951; 96 A.L.R. 634.

Complaint is made of the admission of the statements of plaintiff that defendant at the scene of the collision told her that he was engaged upon business for the corporate defendant, and a number of authorities are cited to the effect that agency may not be established by the statements of the alleged agent. To this general rule there is a well-defined exception. The same is stated in the case of Phillips Petroleum Co. v. Ward, 181 Okla. 462, 74 P. 2d 614, wherein we said:

" 'While it is the general rule that declarations of an agent made to a third person in the absence of the alleged principal are inadmissible in evidence for the purpose of establishing agency, notwithstanding the rule, it has many well-established exceptions; one of the well-recognized exceptions to the rule is that, when the agency is otherwise established by competent testimony, such declarations become admissible in corroboration and as part of the res gestae where made at the time of the transaction in question.' Stover v. Mackie, 170 Okla. 574, 41 P. 2d 474; Citizens' Bk. of Gans v. Mabray, 90 Okla. 63, 215 P. 1067."

We deem this rule to be controlling of the situation. At the time plaintiff was permitted to testify with reference to the statement of defendant Norton, the facts had been established which gave rise to the presumption that the driver, Norton, was engaged upon the business of the defendant sales corporation. The statements were therefore admissible in corroboration and as a part of the res gestae.

The only evidence offered with reference to ownership of the Packard automobile was that of defendant Norton, who testified as follows:

"Q. Now, was the car in which you were riding at the time the accident happened being held by the Norton Motor Sales Company for resale or sale? A. No, it wasn't, it was just a car that I bought in October. I sold the car I used last year, and I wanted to go to Hot Springs the 26th day of October or the 28th. I didn't want to take my wife's car, so I bought it. I would sell it if I could find anybody to buy it."

He testified further that the car had been driven about 2,000 miles. The certificate of title to the automobile was not introduced in evidence. The defendant did not testify whether he paid for

the car with his own funds or with the funds of the company; neither did he testify whether the proposed sale of the car was to be a sale on behalf of himself or on behalf of the motor company of which he was president. If the automobile was the personal property of said defendant, it would have been possible to establish this fact with little difficulty. Since there are various conclusions which might be drawn from the defendant's testimony, we are unable to say that the same is sufficient to negative the presumption of ownership which must be indulged by the use of the dealer's license plates, that is, that the automobile was owned by the dealer to whom the license plates were issued.

It thus appears that there is an irreconcilable conflict in the evidence as to whether or not defendant Norton at the time of the collision was engaged upon a personal mission or upon business for the defendant corporation, but since the evidence presented on behalf of the plaintiff in this respect was admissible, it cannot be said that the finding of the jury in this regard is unsupported by competent evidence; therefore, we may not disturb its finding in this respect.

As a second proposition for reversal it is urged that the proof of the plaintiff fails to show primary negligence on the part of defendant Norton. It will be borne in mind that both parties were traveling on the highway in the same direction, and that plaintiff was immediately behind defendant Norton at the time of the collision. The argument upon this proposition is predicated upon the rule announced in the case of Smith v. Clark, 125 Okla. 18, 256 P. 36. It will be unnecessary to refer to all of the cases in which the question has been discussed. The latest pronouncement on the general subject is found in Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660. Therein we held:

"Where two motor vehicles are traveling along a public highway, the law of this state does not arbitrarily impose upon the driver of the forward vehicle a duty to signal before stopping or turning, but circumstances may arise or exist where, in the exercise of due care, such a signal should be given. In such cases, except where reasonable minds might not differ, what due care required and whether it was exercised, are questions for the jury."

See, also, Smith v. Rohl, 190 Okla. 603, 126 P. 2d 61. In the light of the record herein it appears that the issue of primary negligence was properly submitted to the jury under instructions which are harmonious with the viewpoint expressed in these recent authorities dealing with the correlative rights and duties of drivers on the highway traveling in the same direction.

Defendant contends that the trial court improperly instructed the jury upon the issue of contributory negligence. In its instruction No. 1, the court instructed the jury with reference to the burden of proof, and in said instruction included the following language:

". . . And the burden rests upon the defendants to show by a preponderance of the testimony, contributory negligence."

The court also gave its instruction No. 3, which is as follows:

"You are instructed that 'contributory negligence' is an act or omission upon the part of the person injured or damaged, amounting to a want of ordinary care, which concurring or cooperating with a negligent act of the defendants are together the proximate cause of the injury complained of."

A part of instruction No. 5 is as follows:

". . . Contributory negligence is a complete defense, and bars recovery wherever it exists, and if you believe from the evidence in this case that the plaintiff was guilty of any negligence which helped to bring about her injury, then you cannot find for the plaintiff, although you believe the defendant, or one of them, was also guilty of negligence."

The issue thus presented is almost identical with that involved in the case of Western States Grocery Co. v. Gillan, 183 Okla. 558, 83 P. 2d 810, wherein we held:

"An instruction in a personal injury case which states that the burden of proof is upon the defendant to show that the contributory negligence relied upon was the proximate cause of the injury is inaccurate, but the error therein is cured by a following instruction wherein it is stated: 'But if . . . you find from a preponderance of the evidence that the plaintiff was guilty of contributory negligence, which, combining and concurring with the negligence of the defendant, proximately caused the accident resulting in the injuries complained of, then your verdict should be for the defendant, notwithstanding its negligence.' "

In the light of all the instructions relating to contributory negligence, we are of the view that the error of the court in failing to furnish a complete definition in its instruction No. 1 does not justify a reversal of this cause.

Other contentions of the defendant have been examined and found to be without substantial merit.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and HURST and ARNOLD, JJ., concur. BAYLESS, GIBSON, and DAVISON, JJ., dissent. RILEY, J., absent.