**Matilda HINES, Appellant,**

v.

**FRED JONES COMPANY, an Oklahoma Corporation, Appellee.**

**No. 5200.**

United States Court of Appeals Tenth Circuit.

Jan. 3, 1956.

Rehearing Denied Feb. 15, 1956.

Neal E. McNeill, Jr., Tulsa, Okl. (Neal E. McNeill, Tulsa, Okl., on the brief), for appellant.

Truman B. Rucker, Tulsa, Okl. (Bryan W. Tabor and Gurney G. Cox, Tulsa, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, HUXMAN, Circuit Judge, and CHRISTENSON, District Judge.

HUXMAN, Circuit Judge.

This is an appeal from a summary judgment in favor of Fred Jones Company [1] rendered in the United States District Court for the Northern District of Oklahoma in an action in which Matilda Hines sought recovery of damages from the Company and Rex Wann for injuries suffered by her when she was struck by an automobile which was being driven by Rex Wann. The complaint alleged that Wann was driving the car at the time of the accident as the agent of the Company and that it was being operated in violation of law. The motion for summary judgment was supported by the deposition of Wann. It was granted on the theory that Rex Wann was an independent contractor and not the agent of the Company at the time of the accident.

The undisputed facts of the case are these. Fred Jones Company is the authorized Lincoln automobile distributor in Tulsa, Oklahoma. In January, 1954, it desired to have an air conditioning unit installed in a Lincoln automobile in the process of preparing the car for sale to the public. It entered into a contract with Rex Wann who was engaged in doing such work. In addition to such work, Wann was engaged in general automobile repair work in competition with the Company. He also installed air conditioners for other dealers in Tulsa and did not work exclusively for the Company. The Company also used other air conditioning specialists to make such installations for it. The auto together with the air conditioning unit was delivered to Wann. At the time it was delivered to Wann the car had no license plate attached. The installation was made and the accident occurred while Wann was driving the car to test the efficiency of the installation.

Appellant urges that the court committed reversible error in striking from the complaint allegations alleging that the company violated § 22.15, 47 O.S.A. 1951, by willfully, knowingly and unlaw-

fully operating the Lincoln automobile upon the streets of Tulsa without a license plate attached thereto. The cited Section makes it unlawful for a dealer to operate a dealer's car upon the highway without a dealer's license plate attached thereto.

Appellant's theory is that had this plate been attached it would have shown the ownership of the automobile to be in the company and would raise the presumption that Wann was the agent of the Company, while he was road testing the car. But the undisputed evidence is that the Company delivered this car to Wann under an oral contract to make this installation for a stipulated and agreed consideration. The Company had no power of direction or control over Wann in doing the work. It had no authority to direct him to do anything. He was free to do the work in any way he saw fit. The Company could neither direct him to road test or refrain from road testing the installation. Even assuming that had the dealer's tag been attached it would have raised a presumption of employer and employee relationship, that presumption was dissipated by the uncontradicted evidence before the court which clearly established that Wann was an independent contractor.

Such cases as Bradley v. Chickasha Cotton Oil Co., 184 Okl. 51, 84 P.2d 629; Norton v. Harmon, 192 Okl. 36, 133 P.2d 206; and Cook v. Knox, Okl.; 273 P.2d 865, upon which appellant relies do not require a contrary conclusion. The Bradley case specifically held that the fact that a motor vehicle was not licensed, as required by law, but was being operated under another's license was not of itself sufficient to create a principal and agent relationship. The Norton case held that if the presumption that a driver operating a motor vehicle with a dealer's plate attached was the agent of the owner, it was overcome by the undisputed evidence to the contrary.

1. Herein called the Company.

The question of agency was one for the court. The Cook case is to the same effect.

We think the undisputed evidence establishes that Wann was an independent contractor at all material times in issue and that the judgment of the trial court is correct.

Affirmed.