### OKLAHOMA CITY v. SAUNDERS.

No. 4049. Opinion Filed April 13, 1915.

(147 Pac. 1191.)

1. PLEADING — Allegations of Appointment — Verified Denial. Where a bill of particulars alleges that the plaintiff was duly and legally employed in the services of the city of Oklahoma City in the capacity of "secretary to the mayor," and such appointment and authority is not denied by affidavit, the allegations of such appointment and authority will be taken as true.

2. MUNICIPAL CORPORATIONS—Appointee—Right to Continue in Office—Where it is shown that, at the time of the adoption of the charter for the city of Oklahoma City, the plaintiff was an officer, appointee, or employee of such city, other than mayor or member of the city council, such officer, appointee, or employee is

by section 9, art. 1, of the charter of said city, authorized to continue in office until his successor is chosen and qualified, or until his services are dispensed with by an order of the commissioners.

(Syllabus by Rittenhouse, C.)

*Appeal from County Court, Oklahoma County;*

*John W. Hayson, Judge.*

Action by George B. Saunders against the City of Oklahoma City, a municipal corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

*J. W. Johnson, V. V. Hardcastle* and *George A. Matlack,* for plaintiff in error.

*C. H. Ruth* and *J. T. Dortch,* for defendant in error.

RITTENHOUSE, C. This cause was instituted before Sam Bartell, justice of the peace in and for Oklahoma City district, Oklahoma county, state of Oklahoma, for the sum of $90, claimed by George B. Saunders for services as secretary to the mayor of said city from May 12, 1911, to June 8, 1911. On May 12, 1911, Whit M. Grant became and was the mayor of the city of Oklahoma City. Dan V. Lackey, the then holder of the office of mayor of said city, refused to vacate the office and turn same over to the newly elected mayor, but retained said office until the legality of the election of Whit M. Grant was determined by this court in the case of *Lackey et al. v. State ex rel. Grant,* 29 Okla. 255, 116 Pac. 913. The plaintiff below, George B. Saunders, filed his claim with the city for $90 for services rendered from May 12th to June 8, 1911, which claim was disallowed, and this action was instituted; plaintiff alleging:

"(1) That the defendant is a municipal corporation duly authorized and existing under the laws of the state of Oklahoma, and is a city of the first class under said laws.

"(2) That your plaintiff, at the times hereinafter mentioned and for months previous to said times, was duly and

regularly employed in the service of said defendant in the capacity of 'secretary to the mayor.'

"(3)　That from May 12, 1911, to June 8, 1911, he was so employed and fulfilled his duties in all respects to the said city of Oklahoma City and the citizens thereof, and continued to serve the public for some time after said June 8, 1911.

"(4)　That, according to the terms of his employment, the plaintiff was to be paid the sum of one hundred dollars per month by said defendant, but said defendant has neglected and refused and still neglects and refuses to pay plaintiff for his services rendered from May 12, to June 8, 1911, although due and proper demand has been made."

The appointment or authority of George B. Saunders, as secretary to the mayor, was not denied under oath. The plaintiff offered evidence of his services as secretary to Mayor Lackey; that he was acting secretary from May, 1909, until September, 1911, serving under Henry M. Scales, Dan V. Lackey, and Whit M. Grant; that he received his salary from Oklahoma City for said services with the exception of the salary from May 12th to June 8, 1911, amounting to $90.

During the trial the plaintiff in error objected to the introduction of evidence upon the grounds: First, that the bill of particulars did not state facts sufficient to constitute a cause of action, for the reason that the same did not show that the defendant in error was employed by any one authorized under the ordinance to employ him during the time claimed for salary; second, that during the time he acted as secretary to the mayor he worked under a person who was usurping the office of mayor of said city.

At the close of the testimony, the plaintiff in error demurred to the evidence on the ground that the same was insufficient to support the cause of action attempted to be set forth in the bill of particulars, in that it failed to show any authority of the acting mayor of the city to employ the plaintiff in the

capacity of secretary. We think the court properly overruled the objection to the introduction of the evidence and the demurrer to the evidence.

The allegation of the appointment of George B. Saunders as secretary to the mayor, and his authority to hold such office, is taken as true, for the reason that the plaintiff in error failed to deny the appointment and authority by verified affidavit, as provided by section 6348, Comp. Laws of 1909 (section 5427, Rev. Laws 1910), which provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or any appointment or authority, or the correctness of an account duly verified by the affidavit or affirmation of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the opposite party, his agent or attorney."

The plaintiff in error having failed to file an affidavit challenging the authority of George B. Saunders to act as secretary to the mayor, the allegation in the bill of particulars, alleging his appointment and authority, is taken as true.

Section 9, art. 1, of the charter of Oklahoma City, in so far as such section pertains to the former officers, appointees, or employees, reads as follows:

"All officers, appointees, or employees of the present corporation of Oklahoma City, except the mayor and members of the city council shall continue in their offices, and employment upon the adoption of this charter, and organization of the new city government until their successors are chosen and qualified, or until their services are dispensed with by an order of the commissioners."

The evidence is amply sufficient to show that George B. Saunders was an officer, appointee, or employee of the city of Oklahoma City at the time of the adoption of the charter in

question, and, as such officer, appointee, or employee, he continued in the employ of the city during the period from May 12, 1911, to June 8 1911; no successor having been chosen or his services dispensed with by an order of the commissioners.

We therefore conclude that the said George B. Saunders was an officer, appointee, or employee of the city of Oklahoma City at the time of the adoption of the charter in question, and as such continued in the employ of said city during the period alleged in his bill of particulars, and is therefore entitled to judgment for the amount of said services as rendered.

The cause should therefore be affirmed.

