## A & A TAXICAB COMPANY, Inc., et al. v. BASS.

No. 26090. May 12, 1936.

Rehearing Denied June 16, 1936.

Short & Pierson, for plaintiffs in error.

McCaffrey & Scanland, for defendants in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county. The action was brought by Lee Bass, as plaintiff, against the A & A Taxicab Company, Inc., a corporation, and J. L. Toler, as defendants.

In his petition the plaintiff charged that the A & A Taxicab Company was engaged in the business of transporting persons for hire and for this purpose operated a line of taxicabs in Oklahoma City; that J. L. Toler was the agent, servant, and emp'oyee of the said company in the actual driving of one of its taxicabs; that on the evening of October 26, 1933, the plaintiff took passage from a downtown hotel to his home in Oklahoma City in a taxicab operated by said company and which at the time was being driven by the defendant Toler; that while being thus transported a collision occurred between the taxicab in which p'aintiff was a passenger and a car belonging to some unknown person; that said collision was occasioned by reason of the failure of said company to maintain the brakes of said taxicab in a proper mechanical condition and the failure of the defendant Toler to exercise proper skill and attention in the driving of said taxicab; that the taxicab was driven into the rear of another car; that the force of the col'ision threw the plaintiff against the body of the taxicab and inflicted upon him certain specified personal injuries; that as a result of said injuries plaintiff was confined to a hospital for several weeks and had to undergo a major operation. Plaintiff sought recovery of the sum of $400 on account of hospital, medical, and surgical expenses incurred as the result of said injuries, and the further sum of $15,000 for permanent injuries which he alleged he had sustained. The petition of the plaintiff was duly verified.

The defendants first filed a joint motion to require the plaintiff to make his petition more definite and certain, which was overruled. The defendants then filed a joint demurrer, which was likewise overruled; defendants then filed separate answers. The

answer of the taxicab company, after general denial, specifically denied the allegation of agency and pleaded that its codefendant, J. L. Toler, was an independent contractor in the operation of said taxicab, and further pleaded that the collision between the taxicab and the other car was either an unavoidable accident or else was due to the fault of the driver of the other car, and further pleaded that if plaintiff had sustained an injury or disability, the same was not attributable to any of the matters alleged in plaintiff's petition, but was due to other causes. This answer was not verified. The defendant J. L. Toler filed an answer substantially the same as that of his codefendant, A & A Taxicab Company, but omitted therefrom any reference to his agency or employment or to the claim of his codefendant that he was an independent contractor. Replies were in the nature of general denial. The cause was tried to a jury, which returned a verdict in favor of the plaintiff and against both defendants assessing plaintiff's recovery on account of his hospital, medical, and surgical expenses at the sum of $350, and on account of his damages for personal injury in the sum of $4,333.50. From the judgment rendered on the verdict the defendants appeal. The parties will be referred to as they appeared in the trial court.

The defendants assign 22 specifications of error in this court and present them under three general propositions which may be summarized as: (a) Insufficiency of evidence to sustain the verdict; (b) failure of the evidence to establish a causal connection between the accident and the resulting injury; (c) error of the trial court in excluding certain evidence offered by the defendants.

The evidence of the plaintiff discloses substantially the following facts: That the defendant A & A Taxicab Company, Inc., was a common carrier of persons for hire in Oklahoma City and was operating a line of taxicabs at the time of the alleged injury; that the defendant J. L. Toler was the driver of the particular taxicab in which plaintiff took passage; that the taxicab was driven into the rear of another car; that the plaintiff was thrown against the body of the taxicab and at the time declined the request of the driver to take him to a hospital and continued his journey to his home, paid his fare and went to the hospital the following day and underwent medical attention; that he finally had to have a major surgical operation performed, consisting of the removal of his right testicle; that this was occasioned by the injury which he had sustained in being thrown against the walls of the taxicab; that the injury was permanent and resulted in the impairment of his physical activities.

The first two propositions of the defendants, attacking the sufficiency of this evidence, amount to an assertion that the trial court should have given a peremptory instruction in their favor. As has been pointed out in Midland Valley Co. v. Hilliard, 46 Okla. 391, 148 P. 1001:

"The statutes of this state impose on a carrier of passengers a very high degree of care. Section 800, Rev. Laws 1910, reads:

"'A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.'

"This statute and the duty it imposes is quoted and discussed in the case of St. Louis & S. F. R. Co. v. Nichols, 39 Okla. 522, 136 P. 159, where a number of Oklahoma decisions are collected, and wherein the rule pertinent and applicable to the case at bar is stated as follows:

"'In a suit by a passenger for injuries occasioned by the derailment and wreck of a train, proof of such derailment and wreck, the circumstances thereof, and the injury occasioned thereby makes a prima facie case of negligence and casts upon the carrier the burden of showing that it was not negligent.'

"In fact, it may be said that, where a passenger is suing a carrier for injuries received, proof establishing this relation, together with the facts and circumstances of the wreck of the vehicle in which he is being transported, together with proof that he received injuries because of the wreck, makes a prima facie case of negligence against the carrier, casting upon the carrier the onus of showing by the evidence that it has exercised the utmost care for the safety of its passengers, and that the injury was not the result of any negligence upon its part. Indeed, this rule is not disputed. It is so generally applied in this country that it needs no further citation of authority; but, admitting the rule, the contention is here made that, although the circumstances of this case, as shown, made a prima facie case of negligence, yet when the railway company introduced evidence tending to show proper construction and due care, that this presumption was fully and finally rebutted, and that the court should have declared, as a matter of law, that there was no liability, unless plaintiff returned to his case and made proof of specific acts of negligence. On the other hand, plaintiff insists that the presumption and inference of negligence arising from the facts shown

by him are not destroyed by the mere introduction of exculpatory evidence on the part of the defendant; that, when such a condition arises, it is for the jury to determine whether or not the evidence of defendant is sufficient to rebut and destroy the presumption and inference of negligence. This brings us to the precise point to be decided.

"In Kohner v. Capital Traction Co., 22 App. D. C. 181, 62 L. R. A. 875, it is said:

"'The plaintiff has proved a prima facie case of negligence; the defendant has offered an explanation which tends to show that there was no such negligence. This raises a disputed question of fact, proper to be passed upon by the jury, under instructions, duly formulated by the court for the purpose. Unless, therefore, we are to adopt the theory that the plaintiff's prima facie case only lasts until the defendant has offered some explanation, and that such explanation, whether true or false, destroys the presumption of negligence raised by the plaintiff's proof and casts upon the plaintiff the necessity of proving by additional testimony in rebuttal that, notwithstanding the explanation, there was, in fact, negligence on the part of the defendant, there is no escape from the conclusion that the case must be submitted to a jury. But we find no warrant in reason or in adjudicated cases for such a theory. * * * No case has been pointed out where a verdict has been directed for the defendant because the defendant's explanation has tended to controvert the presumption of negligence, and the explanation itself has remained uncontroverted by testimony in rebuttal. We find that in all the cases the question of the defendant's negligence, under such condition of the testimony, has been submitted to the jury for its determination'."

See, also, Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 P. 213; Muskogee Electric Traction Co. v. Bolin, 105 Okla. 142, 232 P. 105; Sand Springs R. Co. v. Westhafer, 92 Okla. 89, 218 P. 525.

The defendants did not endeavor to exonerate themselves from the presumption of negligence in the manner required by the above-cited cases, but sought to prove that the disability of the plaintiff was not due to accident, but to other causes. The evidence offered by the defendants was sufficient to establish the possibility that such was the fact, but was insufficient to establish that the injury could not have been responsible therefor. Defendants urge, however, that the testimony of the plaintiff as to the manner in which he was thrown against the body of the taxicab at the time of the collision was such as to preclude the possibility of an injury occurring in the manner and to the extent to which plaintiff testified. We do not agree with this contention. The evidence both of plaintiff and of his physicians as to the injury, extent thereof, and the manner in which it happened is neither unreasonable nor incredible, and therefore the weight to be given thereto was for the jury. We cannot say that the evidence was insufficient to establish a causal connection between the accident and the resulting injury. The authorities, therefore, which are cited by the defendants in support of this proposition are, in our opinion, inapplicable to the record here presented.

The defendants next complain of the refusal of the trial court to permit evidence to show want of agency on the part of the defendant J. L. Toler in the operation of the taxicab. In this we think there was no error. The petition of the plaintiff was verified and alleged that the defendant J. L. Toler was the agent, servant, and employee of the defendant A & A Taxicab Company and engaged in driving the taxicab in which plaintiff was injured at the time of his injury; while the answer of the defendant Taxicab Company denied this agency, this answer was not verified. As said in Ft. Smith & W. R. Co. v. Solsberger, 38 Okla. 40, 131 P. 1078:

"Where the petition positively alleges the appointment and authority of an agent, and the reply thereto is an unverified general denial, the allegations of appointment and authority of the agent are taken to be true, and evidence tending to dispute such allegation is properly excluded."

See, also, Oklahoma City v. Saunders, 46 Okla. 1, 147 P. 1191; Long v. Shepard, 35 Okla. 489, 130 P. 131; Tate v. Stone, 35 Okla. 369, 130 P. 296.

Since the verdict is not without support of competent evidence and there appears no error of law, the verdict and judgment of the trial court will not be disturbed.

Judgment affirmed.

OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.