## YELLOW CAB OPERATING CO. v. BUSH.

### No. 28588.    May 23, 1939.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

O. A. Cargill, Howard K. Berry, and O. A. Cargill, Jr., for defendant in error.

BAYLESS, C. J. Catheryn Bush sued Yellow Cab Operating Company, a corporation, and Fred Jones, Ford dealer, a copartnership, to recover damages for injuries sustained as a result of alleged acts of separate and joint negligence. The verdict of the jury was for the plaintiff against the cab company only. It appeals.

Cab company operates taxicabs in Oklahoma City, and is a common carrier for hire. Plaintiff engaged one of its cabs and entered it to be carried to her destination. The cab proceeded north on Broadway to its intersection with Tenth street and there paused for a traffic light. The driver intended to turn west on Tenth street, and when the green light favored him, he turned west and the right rear fender of the cab was struck by a truck of Jones driven by one of his agents. Plaintiff was thrown about in the cab and injured, but since no issue is made on the injuries sustained, we pass that question.

In summary, the plaintiff charged cab company with negligence in cutting the corner in turning west, and with haste and lack of care. She charged Jones' agent with traveling too fast, not observing, having unsafe brakes, and lack of due care.

The first assignment of error relates to the refusal of the trial court to give a requested instruction. This was instruction No. 9, which in substance advised the jury that by virtue of a city ordinance vehicles using streets occupied by railway tracks had the right of way while crossing or turning on said tracks. We do not see that there is error in this. An instruction outlining the rights created by this ordinance as modified by other rules of the road was given. The cab company's assertion that the refusal of its requested instruction resulted in no instruction being given upon its defense based upon the ordinance is not sustainable. Cab company requested other instructions relevant to the rules of the road applicable to the situation out of which the collision arose that were likewise refused. No complaint is made with respect thereto, leaving No. 9 alone as erroneous. Standing alone, unaided by other instructions, it was not sufficiently broad. When taken with other requested instructions and compared to the instructions given, we are satisfied that the instructions given adequately cover the particular defense.

In assignment No. 2, it is argued that the negligence, if any, of the driver of the cab in cutting the corner in turning west was only a remote cause of the collision. The rule with respect to the duty owed by this carrier to its passenger is that it owed the utmost care to prevent her being injured while being transported by it. There is in the record sufficient evidence to justify the verdict of the jury in finding that the driver of the cab was guilty of negligent acts in connection with starting and turning his cab to the west. In the text of 13 C. J. S. 1416, sec. 755, it is said:

"Therefore, it is immaterial that in connection with the accident causing the injury to the passenger there is negligence or wrongful act of a third person, such as the negligence of those managing a train, car or vehicle with which the train or car in which the passenger is riding collides, or the like; it is enough that the negligence of the carrier contributes in some way or concurs with the negligence of third persons in causing the accident complained of."

In the cases cited in the notes under section 755, supra, it appears that foreseeability is one of the elements. Kelson v. Public Serv. Co., 94 N. J. L. 527, 110 Atl. 919.

In Fisher v. Butte Elec. Ry. Co., 72 Mont. 594, 235 P. 330, it is said that the carrier's negligence must be "causa sine qua non", that is, a cause if it had not existed the injury would not have occurred. In the case of Stephens v. Oklahoma City Ry. Co., 28 Okla. 320, 114 P. 611, we reviewed at length the rule applicable here, and gave grave consideration to the factor of foreseeability. In view of the rule, it is difficult for us to agree with the cab company's argument in this respect. Consider the situation. A heavily traveled thoroughfare intersected by a street used to a great extent. A traffic problem is thereby created as is evidenced by the fact that the city has placed lights at this point to govern the flow of the traffic. At this time of day travel north and south is particularly heavy. The driver of the cab sought to turn west on Tenth street and by this maneuver was forced to cross the line of travel of the southbound traffic; all of this called for a high degree of care and caution, and particularly the observance of all rules of the road. When the driver of the cab started with a lurch and turned to cross the oncoming southbound traffic in a "corner-cutting" manner, it is reasonable to say that he should have foreseen the peril he was thereby creating. It is not unreasonable to say that his negligent act or acts were the opposite of a remote cause of the collision.

The judgment is affirmed. The motion for judgment against Commercial Standard Insurance Company, of Ft. Worth, Tex., surety on the supersedeas bond, is granted.

CORN, HURST, DAVISON, and DANNER, JJ., concur.