## YELLOW CAB OPERATING CO. v. ROBINSON.

No. 29562. Sept. 17, 1940.

*105 P. 2d 535.*

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for plaintiff in error.

Gomer Smith, of Oklahoma City, for defendant in error.

BAYLESS, C. J. Monta Robinson recovered a judgment in the district court of Oklahoma county against Yellow Cab Operating Company, a corporation, for damages for personal injuries, and the defendant appeals.

At the conclusion of the trial, the trial judge instructed the jury the defendant

was guilty of negligence and the only matter submitted for the consideration of the jury was the matter of the amount of damages. This is assigned as error, and also it is argued the damages are excessive.

Defendant says that negligence is so much a mixed question of law and fact that courts are seldom justified in saying that all reasonable men will agree with them in saying that a given state of facts constitutes the exercise or failure to exercise the degree of care due. Prickett v. Sulzberger & Sons, 51 Okla. 567, 157 P. 356, and other cases.

Defendant argues that the facts in the record before us are such that the court committed error when it undertook to say that lack of the highest degree of care owing was so patent that reasonable men would not differ thereabout.

The evidence of the plaintiff shows that she entered the cab on West 28th street, and the cab proceeded east toward her destination until it reached Blackwelder street (which intersects West 28th street and runs north and south), where the driver undertook to turn left to the north. The evidence shows that he made a very sharp turn and passed to the left or northwest of the center of the intersection, and when very near the northwest corner of the intersection he was suddenly confronted with a truck coming south on Blackwelder and about to enter the intersection. The driver of the cab applied his brakes suddenly, thereby stopping the cab suddenly, and as a result the plaintiff was thrown out of her seat and against the back of the front seat to her injury. The evidence is undisputed respecting the incident, and it is clear that the truck was where it had a right to be in traveling south on Blackwelder, and that the cab was where it had no right to be, if the defendant was exercising the degree of care it owed plaintiff.

Defendant argues that the jury might have believed and found from the evidence that the driver of the truck was somewhat or altogether to blame. We do not agree. The driver of the truck had absolutely nothing to do with the cab being where it was, and that is the primary factor in the situation. The driver of the cab placed his vehicle in a position where it had no legal right to be under the circumstances, and it is no fault of the driver of the truck that the driver of the cab had to apply his brakes suddenly and bring his cab to a stop in a negligent manner, or that the truck driver had to drive out of his line of travel to avoid colliding with the cab. The defendant violated the high degree of care it owed plaintiff (sec. 9260, O. S. 1931, 13 O. S. A. § 32; A & A Taxi Cab Co. v. Bass, 177 Okla. 248, 58 P. 2d 567) when it drove its cab into this unauthorized place and situation so that it was forced to use extraordinary and unusual force to avoid colliding with other traffic.

The evidence with respect to plaintiff's pecuniary loss is not disputed, and the evidence respecting the extent and nature of her physical injuries, and the disability therefrom is such that we are unable to say the damages awarded are excessive or indicate a passion or prejudice affecting the jury.

The judgment is affirmed.

RILEY, CORN, HURST, and DANNER, JJ., concur.