SMITH et al. v. ROHL.

No. 29619.   Jan. 13, 1942.

Rehearing Denied March 24, 1942.

Application for Leave to File Second Petition for Rehearing Denied May 26, 1942.

*126 P. 2d 61.*

Stone & Moon and J. E. Thompson, all of Muskogee, and Carland Smith, of Okmulgee, for plaintiffs in error.

F. J. George, of Beggs, and C. M. Gordon, of Okmulgee, for defendant in error.

DAVISON, J. This action originated in the district court of Okmulgee county. It involves damages for injuries to person and property, occasioned by a collision between two motor vehicles proceeding in the same direction along a public road, State Highway No. 27. Both vehicles were trucks suitable for use in hauling cattle.

J. E. Rohl, the driver of the rear vehicle which collided with the rear end of the truck in front, instituted the action as plaintiff against Hugh C. Smith, the driver of the front truck, and others. Issues were formed and cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiff for the sum of $7,500. The defendants present the cause on appeal, appearing herein as plaintiffs in error. Although the order of appearance is reversed in this court, we shall continue to refer to the parties by their trial court designation.

The defendants in presenting this appeal have prepared an exhaustive brief in which they urge a reversal under propositions quite lengthy in form but susceptible to epitomization. The substance of these principal contentions as embodied in their first two propositions (which may be treated together) is that under the pleading and proof of the plaintiff it affirmatively appears that there was an absence of primary negligence, and that the collision and resulting injuries were solely and exclusively attributable to apparent and alleged negligence on the part of the plaintiff. They take the position that, since there is an absence of primary negligence, plaintiff's asserted negligence cannot properly be classified as contributory, and is therefore outside the field exclusively committed to the jury, as distinguished from the court, by section 6 of art. 23, Oklahoma Constitution. Oklahoma Union Ry. Co. v. Houk, 109 Okla. 187, 235 P. 499; Midland Valley Ry. Co. v. Graney, 77 Okla. 54, 185 P. 1088; Phoenix Printing Co. v. Durham, 32 Okla. 575, 122 P. 708.

The defendants attach controlling importance to the relative position of the two vehicles at the time of the collision and invoke as applicable thereto the conclusions of this court announced in Smith v. Clark, 125 Okla. 18, 256 P. 36. That decision contained some sweeping language of general import which has since been a source of some confusion. Stripped of unnecessary verbiage, we therein held that the law of this state does not specifically or arbitrarily impose upon the driver of a vehicle the duty to signal his intended movements or conduct to persons who may be approaching from the rear, but we did not hold that the law excused such a signal as may be appropriate when the circumstances are such that a man of ordinary prudence would give a signal. Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660.

Whether the circumstances existing at the time of a collision were such that a man of ordinary prudence driving the forward car would have signaled his intention to stop, and whether he in fact did signal such intention before stopping, are in the first instance questions for the jury. It is not within the province of a court to withhold such questions from the jury or to disturb

its findings thereon unless the situation is such that the minds of reasonable men could not differ. Union Transportation Co. v. Lamb, supra.

The phase of the case at bar now under discussion has been considered by this court in conjunction with the case last above cited, and further reiteration of the legal principles applicable or the authorities upon which they are based is unnecessary in this opinion. For a more detailed analysis of those matters, reference is made to the opinion and syllabus in that case.

It is now incumbent upon us to view the pleadings and evidence in a light most favorable to the plaintiff for the purpose of determining whether they support the verdict and afford a basis for jury's determination that the defendant Hugh Smith failed to exercise due care and ordinary prudence, thus causing injury to the plaintiff.

Plaintiff alleged that defendants were engaged in the business of raising and marketing cattle and operating a ranch known as the Smith Ranch, which was located approximately 15 miles west of the city of Okmulgee; that on or about July 13, 1937, defendant Hugh C. Smith, acting for himself and as agent for the other defendants, engaged the services of plaintiff and his Ford truck to haul some calves from the Smith Ranch to the city of Okmulgee, from which point the calves were to be shipped to market; that defendant Hugh C. Smith was also assisting in the hauling of said calves, using a Dodge truck; that on the aforesaid date said parties had hauled two loads of calves to Okmulgee and were returning to the Smith Ranch for the purpose of hauling a third load; that defendant Hugh C. Smith was traveling ahead of plaintiff; that as they were proceeding in a westerly direction on State Highway No. 27, which is a paved highway, and near the intersection of a north and south highway, while both trucks were proceeding along the north and right side of the pavement at a speed of approximately 35 miles per hour, the defendant suddenly stopped the Dodge truck which he was driving, and that although plaintiff immediately applied his brakes and made every effort to stop his Ford truck, he was unable to do so and crashed violently into the rear of the Dodge truck, as a result of which he sustained a number of injuries, which are enumerated in the petition. Defendants deny the allegations of negligence and aver that the collision was caused by the negligence of plaintiff.

The evidence is in irreconcilable conflict. Plaintiff's version is that he was traveling about 50 or 75 feet behind defendant and both trucks were "making about 35 miles per hour"; that defendant, without signal or warning, brought his truck to a sudden stop and that due to the failure of defendant to give any notice or warning of his intention to stop, plaintiff did not have time to stop his truck or to turn to the left and avoid the collision. Plaintiff testified that he subsequently learned that the cause of defendant's sudden stop was that defendant had picked up a hitch-hiker and had passed the intersection where he was to let the hitch-hiker out, and that the hitch-hiker tapped on the cab to remind defendant to let him out. Plaintiff's version of the occurrence was corroborated by the testimony of a third party.

The defendant testified that as the parties were leaving the city of Okmulgee after delivering the second load of cattle, he picked up a passenger, who rode in the bed of the truck behind the cab; that when he had passed the intersection when the collision occurred he pulled to the right-hand side, put out his hand, turned around and looked back through the end gate to see if the road was clear; that his passenger walked to the back of the truck and stepped to the ground and started walking up the pavement; that he then noticed the plaintiff's truck approaching; when he saw that there would be a crash he let out his clutch and stepped on the gas, and that his truck jumped ahead about ten feet before plaintiff crashed into the rear of the truck. De-

fendant's version was also corroborated by the testimony of third parties. Both parties agree, however, that no car was approaching from the west and that the left side of the pavement was clear.

On cross-examination the defendant Hugh Smith also testified with reference to his knowledge of the presence of the car behind. He said:

"Q. You knew he was supposed to follow you? A. Yes, sir. Q. I will ask you if it isn't a fact that he would be close up sometimes and then get back some distance at other times? A. I watched him all the way out from town and sometimes he would be closer than others."

Analysis of the foregoing evidence impels the conclusion that a situation is not here presented where the minds of reasonable men would not differ. We are unable to say that the jury's conclusion that the driver of the forward vehicle was traveling along the public highway with knowledge of the presence and whereabouts of the truck traveling behind him and brought his truck to a sudden stop in the traveled portion of the highway and in the path of the following truck, under circumstances which in the exercise of due care required an appropriate warning signal by him of his intention to stop and that such a signal was not given, thus causing the collision and the injuries complained of, was not supported by the evidence favorable to the plaintiff and reasonable inferences which could be drawn in connection therewith.

In this type of case we are always confronted with the self-enforceable judicial duty to refrain from invading the province of the jury. This duty must be observed even though we would disagree with the verdict if we could properly exercise an independent judgment on the matter. Otherwise, the jury system, recognized by all to be vital in the maintenance of American institutions and government, would become a mockery.

Our attention has been called to the legislative act (sec. 10323, O. S. 1931, 47 Okla. St. Ann. § 92) which requires that drivers operate their motor vehicles in such a manner that they can be stopped within the "assured clear distance ahead," and application thereof to the plaintiff's conduct is sought, contingent upon our determination that the defendants' conduct was free from primary negligence. But it is not urged that we, as a court, can apply the statute to excuse the defendants from liability on the theory that the plaintiff was guilty of contributory negligence. (Consider in this connection section 6 of art. 23, Oklahoma State Constitution.) Since we have determined that the jury's finding of primary negligence is sustainable, it follows that the plaintiff's negligence, if any, was contributory. Sloan v. Anderson, 160 Okla. 180, 18 P. 2d 274; Chicago, R. I. & P. v. Barton, 59 Okla. 109, 159 P. 250; La Dow v. Oklahoma Gas & Electric Co., 28 Okla. 15, 119 P. 250. This is, therefore, not an appropriate occasion for defining or determining precisely what is meant as contemplated by the phrase "assured clear distance ahead."

It is further contended that the judgment of $7,500 is excessive. In this connection, in addition to the property damage and doctor and hospital bills, it is shown that plaintiff sustained permanent impairment to his hearing and vision, permanent disability to one foot, and that he sustained severe pain and suffering. As heretofore pointed out, the injuries were numerous and serious. Clearly, the verdict and judgment is not excessive.

It is further urged that the trial court erred in overruling defendants' motion for new trial on the ground of newly discovered evidence showing that plaintiff was intoxicated with whisky at the time of the collision. In this connection numerous affidavits were furnished by both parties and considered by the trial court. It has been repeatedly held that granting of new trials on the ground of newly discovered evidence rests largely within the judicial discretion of the trial court, and its ruling thereon will not be disturbed on appeal in the

absence of a showing of an abuse of discretion. Patteson v. Myers, 183 Okla. 601, 83 P. 2d 846; Missouri, K. & T. R. Co. v. Embrey, 168 Okla. 433, 33 P. 2d 481. We find no abuse of discretion on the part of the trial court in refusing to grant a new trial.

The judgment is affirmed.

WELCH, C. J., and OSBORN, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., dissent.