YELLOW DIME CAB CO., Inc., v. PIKE.

No. 31586. Dec. 12, 1944.

Reahearing Denied April 24, 1945.

*158 P. 2d 469.*

stituted by Evona Pike, hereinafter referred to as plaintiff, against Yellow Dime Cab Company, hereinafter referred to as defendant, and others not here involved, to recover damages for personal injuries sustained in a collision between an automobile and a taxicab of the defendant in which plaintiff was riding as a passenger. A jury was waived and the cause tried to the court and resulted in a judgment in favor of plaintiff for the sum of $2,609.30, and defendant appeals.

The collision which gave rise to this action occurred on the morning of October 22, 1941, at the approximate hour of 3:10 a.m., as plaintiff and her escort were being carried as passengers for hire in a taxicab of the defendant which was being driven by Vance Bolin on Peoria street in the city of Tulsa, and which was run into by an automobile driven by one James Coppinger. The vehicles collided almost head-on and as a result of the collision plaintiff was seriously injured and her escort killed. The criminal negligence of the driver of the automobile was thoroughly established and he was convicted and served a term for manslaughter. The plaintiff was seriously injured and no question is raised concerning the nature and extent of her injury. The issue involved in the trial court was whether the defendant was guilty of any negligence which would render it legally liable to the plaintiff. The plaintiff in her petition alleged that defendant had been negligent with respect to the speed of the operation of the taxicab and in the driving of the same in the violation of the ordinances of the city of Tulsa and in failure to exercise the degree of care which defendant was bound to exercise for her safety. The trial court made extended findings of fact wherein he found that the taxicab was proceeding at a lawful rate of speed, but the driver thereof had been guilty of negligence in failure to drive as directed by section 54, art. 7, of Rev. Traffic Ordinance, and also by failure to veer the taxicab further to the right on observing the automobile approaching at a very high

Wm. H. McClarin and Duff, Manatt & Hardy, all of Tulsa, for plaintiff in error.

Elton B. Hunt, W. L. Eagleton, and Sol F. Goldwyn, all of Tulsa, for defendant in error.

PER CURIAM. This action was in-

and dangerous rate of speed, or, in other words, that the defendant had failed to exercise that degree of care required of a common carrier in the protection of plaintiff as a passenger for hire. The defendant makes no complaint of the amount of the judgment in favor of plaintiff, but seeks a reversal almost entirely upon the theory that the ordinance which the trial court found had been violated by its driver was invalid as being contrary to rule 1 of the road as declared by 69 O. S. 1941 § 583. The action being one between a common carrier and passenger and not between the operator of the vehicle involved, the validity of the ordinance has, at most, only an incidental connection with the issue for determination. Regardless of whether the ordinance was a valid exercise of the police power, which we do not decide, the issue for determination was whether the defendant had exercised or failed to exercise that degree of diligence required under the circumstances, and not whether as between the defendant and someone else it had been guilty of negligence in a particular respect. See St. Louis-San Francisco Ry. Co. v. Mathews, 174 Okla. 167, 49 P. 2d 752; Le Roi v. Grimes, 193 Okla. 430, 144 P. 2d 973.

The defendant was a common carrier of passengers for hire. The law places upon common carriers the duty of exercising a very high degree of diligence for the safety of its passengers and the taxicab company is charged with the same degree of care. Yellow Cab Operating Co. v. Robinson, 187 Okla. 669, 105 P. 2d 535; A & A Taxicab Co. v. Bass, 177 Okla. 248, 58 P. 2d 547; Missouri, Kansas & Oklahoma Coach Lines v. Burton, 181 Okla. 45, 72 P. 2d 385; G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599. There is evidence in the record to show that the driver of the defendant's taxicab saw the approaching automobile in plenty of time to alter his course so as to avoid the possibility of a collision, but that he deliberately proceeded on, as he says, on the ground that he had a right to drive where he was driving. This was to ignore the duty which, as a servant of the defendant, he owed to the plaintiff, and that is to exercise the highest degree of care for her safety. The fact that the driver of the automobile was grossly and criminally negligent and that his negligence was the primary cause of the collision did not operate to absolve the defendant and its driver from the duties which they owed to the plaintiff in the premises. See Yellow Cab Operating Co. v. Bush, 185 Okla. 155, 90 P. 2d 1074.

The cause being one of legal cognizance and tried to the court without the intervention of a jury, the findings and conclusions of the court will be given the same consideration as a verdict of a properly instructed jury, and there being some competent evidence to sustain the findings and judgment upon the tenable legal theory involved and irrespective of any error with reference to the finding as to violation of the city ordinance, the judgment will not be reversed. See Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.