Iris THOMPSON and Checker Cab Company,
Plaintiffs in Error,

v.

Marjorie WALTON, Defendant in Error.

No. 37029.

Supreme Court of Oklahoma.

May 29, 1956.

Dudley, Duvall & Dudley, by Paul Dudley, Oklahoma City, for plaintiff in error, Iris Thompson.

E. M. Goodson, Oklahoma City, for plaintiff in error, Checker Cab Company.

Wm. Walter Hentz, Oklahoma City, for defendant in error.

PER CURIAM.

This action was instituted in the district court of Oklahoma County by Marjorie Walton against Iris Thompson and Checker Cab Company to recover damages for personal injuries allegedly sustained as the result of an automobile collision which occurred February 2, 1954, at 1:30 P. M., between a taxicab belonging to the Checker Cab Company, in which Mrs. Walton was a passenger for hire, and an automobile being driven by Iris Thompson. Hereinafter the parties will be referred to as they appeared in the trial court.

The substance of plaintiff's petition discloses, that on the date above mentioned she was a passenger in the defendant company's taxicab; that the cab was proceeding north on Broadway street in Oklahoma City in a line of traffic between Northwest second and third streets when the driver of the cab, suddenly and without any warning signal, stopped the cab; that at the same time the defendant, Iris Thompson, was proceeding in a Plymouth car in a northerly direction behind the cab; that as a result of the sudden stopping of the cab without warning the defendant Thompson's car collided with the rear end of the defendant company's cab, thereby driving it forward into the back of another automobile in the line of traffic; that as the result of the collision she was thrown violently about the rear seat of the cab severely striking her head against the cab's top and the rest of her body against the back of the front seat; that as the result of the collision she sustained various and sundry injuries in that the muscles and ligaments of the dorsal and lumbar areas of her back were torn, bruised and contused; that she received a bruising and contusing of the muscles and ligaments between her shoulders; that the muscles, tendons, ligaments and nerves of the cervical vertebrae, have been torn, bruised and contused, particularly in the area of the 3rd cervical vertebrae; that the injuries caused and will continue to cause plaintiff nervousness, physical pain and mental anguish to her damage in the sum of $10,000; that she has incurred and obligated herself for medical bills and hospital bills in the sum of $1,000; that she will suffer loss of earnings in the sum of $10,000; and that all of her injuries are permanent and progressive for which she has been damaged in the sum of $20,000.

Plaintiff alleged negligence on the part of the defendant, Checker Cab Company, for failure to keep a proper lookout and suddenly stopping without giving the proper signal or warning. She alleged negligence on the part of the defendant, Iris Thompson, in her failure to keep a proper lookout in that defendant Thompson was looking at her infant child in the front seat rather than observing the traffic ahead of her, and further in following too close and failure to have her automobile under proper control so as to be able to stop in the assured clear distance ahead. Plaintiff also alleged that the negligent acts of both defendants commingled and concurred so as to cause her injuries.

The defendant, Checker Cab Company, filed a general denial and also pleaded an unavoidable accident. The defendant, Iris Thompson, filed a general denial, pleaded

an unavoidable accident and that the accident was caused by the sole negligence of the defendant, Checker Cab Company.

Upon the issues thus drawn the case was tried to a jury which rendered a unanimous verdict in favor of plaintiff and against both defendants in the sum of $5,000. From the judgment of the trial court rendered thereon the defendants have appealed.

In presenting this appeal the defendants contend that the trial court erred in permitting plaintiff's physicians to testify to alleged injuries not pleaded in the petition; and to testify as to his estimate of plaintiff's disability in pursuing her normal occupation. The defendant, Checker Cab Company, further contends that its demurrer to plaintiff's evidence should have been sustained.

As to the last stated contention it is true that the defendant, Checker Cab Company, demurred at the close of plaintiff's evidence but the substance thereof was only on the ground that plaintiff's evidence failed to show negligence on the part of said defendant.

█ In the case of King Auto Service v. Hodges, 143 Okl. 260, 288 P. 483, 484, in the second paragraph of the syllabus, this court said: "The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted. The court cannot weigh conflicting evidence, but must treat as withdrawn the evidence which is most favorable to the demurrant."

█ Also in the case of Evans v. Burleson, 127 Okl. 290, 260 P. 743, in the third paragraph of the syllabus, this court said: "Where there is any competent evidence offered by the plaintiff reasonably tending to establish the plaintiff's cause of action alleged in his petition, and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled."

Without setting forth the evidence in full the record discloses that the defendant,

Checker Cab Company, came to a sudden stop and only one and one-half seconds passed before the impact and the taxicab driver did not give a signal of his intentions to stop. Also, that he was carrying on a conversation with a passenger in the front seat of the cab and not observing the traffic ahead of him.

█ In the case of Yellow Cab Operating Co. v. Robinson, 187 Okl. 669, 105 P.2d 535, in the first paragraph of the syllabus, this court said: "The law places upon common carriers the duty of exercising a very high degree of diligence in matters respecting the safety of their passengers and a taxicab company occupies the position of a common carrier for hire." See also, A & A Taxicab Company v. Bass, 177 Okl. 248, 58 P.2d 567.

And in the case of Norton v. Harmon, 192 Okl. 36, 133 P.2d 206, 207, in the third paragraph of the syllabus, this court said: "Plaintiff sustained personal injuries in a collision between two motor vehicles being operated upon a public highway. Both vehicles were traveling in the same direction and defendant was operating the forward vehicle. Plaintiff charged that defendant was negligent in stopping the vehicle in which he was riding suddenly and without warning. Held, that reasonable minds might differ as to whether due care was exercised under the circumstances and the question of defendant's negligence was properly submitted to the jury." In line therewith see, Smith v. Rohl, 190 Okl. 603, 126 P.2d 61; Union Transport Company v. Lamb, 190 Okl. 327, 123 P.2d 660; Wilson v. Shawnee Milling Company, Okl., 292 P.2d 147.

█ Then, in view of the high degree of diligence required of the Checker Cab Company to protect its passengers, and in applying the holdings of this Court to the evidence of plaintiff as we have reviewed it, we can reach no other conclusion than that the court committed no error in overruling the defendant's demurrer.

The contention of defendants that the court erred in permitting plaintiff's physicians to testify to alleged injuries not pleaded in the petition amounts to the assertion

that there is a fatal variance between plaintiff's pleading and proof. They argue that plaintiff's petition set forth with great particularity the specific injuries complained of yet there is no allegation as to general injuries, and that the physicians' testimony were relative to a subluxation and displacement of vertebrae in the neck which was neither pleaded nor could it be anticipated that such testimony would be offered under the pleadings.

That part of plaintiff's petition we think material to this contention is as follows: " * * * that the muscles, ligaments, tendons and nerves of the cervical vertebrae have been torn, bruised and contused; that in particular the area in the region of the 3rd cervical vertebrae has been injured in that the ligaments, tendons and nerves have been torn, bruised and contused; that the said injuries herein complained of have caused and will continue to cause this plaintiff nervousness, physical pain and mental anguish, etc., * * * ".

■ By Section 311, 12 O.S.1951, no variance between the pleading and proof is to be deemed material, "unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits." The petition charged, and the evidence adduced tended to prove, that plaintiff sustained an injury to the ligaments and tendons in the region of the 3rd cervical vertebrae. The physician's testimony, objected to by defendants, was that the ligaments were a part of the joint; that the same being torn and stretched caused a space to be prevalent between the 3rd and 4th cervical vertebrae which they interpreted as a subluxation. It is their contention that subluxation or injury to the joint itself was not pleaded by plaintiff and therefore the admission of this testimony over their objections constituted error as it was a variance and outside the pleadings. With this contention we cannot agree. The defendants were sufficiently advised that plaintiff claimed damages for the injury suffered, the region of the injury, its nature and extent. Also, they had the opportunity and did have plaintiff examined by their own physician who testified that he found no fracture, dislocation, separation or other abnormality, which the jury evidently did not choose to accept to the exclusion of the evidence introduced by plaintiff. Both the plaintiff and the defendants have cited and rely on the case of Brown v. McNair, 125 Okl. 144, 256 P. 903, wherein this court in the first paragraph of the syllabus set forth the rule as follows: "In an action for damages for personal injuries, where plaintiff pleads both generally and specifically as to the damages resulting from such injuries, the plaintiff is not limited in his proof to the injuries specifically alleged, but, in the absence of a motion to make more definite and certain, may prove results of the wrongful act alleged, the origin or aggravation of which are traced to the injuries described."

■ No motion to make more definite and certain was filed by defendants, yet they objected to the testimony which in their opinion was outside of the pleadings. This amounted to an objection because of a material variance. However, the testimony of the physicians was to the effect that the subluxation was usually due to a ligament injury and that the ligament was a part of the joint. In the light of such explanatory testimony we must conclude that there was no variance. However, should we concede there might be a variance, in the light of the pleadings, the proof adduced, and the circumstances attending the examination of plaintiff by defendants' physician, we must conclude that defendants were not misled by such variance. See Chase v. Andrews, 145 Okl. 300, 291 P. 114.

Defendants next contend that the court erred in permitting the plaintiff's physician to testify as to his estimate of plaintiff's disability in pursuing her normal occupation.

■ While defendants cite no cases in point on the exact question here presented both plaintiff and defendants have cited this court's attention to the case of Tindall Motor Co. v. Mankin, 184 Okl. 231, 86 P.2d 625, 626, wherein in the third paragraph of the syllabus, this court said: "in an action at law to recover damages for personal in-

juries, the measure of damages is not limited to a percentage of loss of earning capacity."

In that case we said, "Damages in a case of this kind are not measured under the rules applicable in workmen's compensation cases. Other elements are to be taken into consideration, such as past physical pain and suffering, probable future pain and suffering, whether the injury is permanent or temporary, etc."

Though cognizant of the fact that damages are not measured under the rules applicable in workmen's compensation cases, we fail to see how defendants could be prejudiced by the testimony of plaintiff's physicians fixing disability of plaintiff as 20 per cent of the whole body. Such testimony, at most, could only go to one of the elements to be considered by the jury in fixing the amount of damages, that is, loss of earning power.

In the instant case there is evidence of physical pain and suffering as well as other evidence to the effect that the injuries sustained by plaintiff are permanent, and that she will probably suffer future pain as a result of her injuries. Moreover, a review of the instructions given by the court disclose as instruction reference the elements to be considered by the jury in awarding damages in cases of this kind. We think such instructions adequately instructed the jury as to the law covering the measure of damages.

Finding no material error the judgment of the trial court is affirmed. Judgment is here rendered in favor of the plaintiff and against the Seaboard Surety Company, as surety of the defendants on the supersedeas bond on file herein; such judgment on the supersedeas bond to be entered and enforced by the trial court as if there rendered.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed, and approved by Commissioners J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.